# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1659 | **DATE** | 8/18/2011 |
| **CASE TITLE** | Colby vs. Newman et al | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants Defendants' motion to transfer venue pursuant to 28 U.S.C. 1404(a), but denies Defendants' motion to dismiss pursuant to Rule 12(b)(3) [16]. The Clerk of Court is directed to transfer this case to the Central District of California. All pending dates and deadlines are stricken.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

# STATEMENT

　　　On March 9, 2011, Plaintiffs Mary Colby, Deborah Teramani, Dan Colby, and Guerrilla Air, Inc. ("Guerilla Air")[1] filed the present five-count Complaint against Defendants YSN Imports, Inc. ("YSN Imports"), Sam Newman, and Israel Schochet based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties' dispute concerns a November 2, 2007 Asset Purchase Agreement in which Guerrilla Air sold, transferred, conveyed, and otherwise assigned to YSN Imports substantially all of its assets. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court, in its discretion, grants Defendants' motion to transfer venue under Section 1404(a), but denies Defendants' motion to dismiss pursuant to Rule 12(b)(3).

Continued...

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Initials:　KF

---

[1] In their response brief, Plaintiffs conceded that Guerrilla Air is no longer a viable corporation. The Court granted Plaintiffs' voluntary dismissal of Guerilla Air as a Plaintiff to this lawsuit on July 19, 2011.

## BACKGROUND

On or about February 15, 2005, Teramani formed Guerilla Air and Mary and Dan Colby became shareholders. (R. 1, Compl. ¶ 3.) Teramani, Mary Colby, and Dan Colby are all citizens and residents of Illinois and Guerilla Air was an Illinois Corporation located in Elk Grove, Illinois, that manufactured high pressure regulators for the paint ball industry. (*Id.* ¶¶ 3, 4, 5.) YSN Imports is a Nevada corporation located in California. (*Id.* ¶ 6.) Newman and Schochet, both principals of YSN Imports, are citizens and residents of California. (*Id.* ¶¶ 7, 8.)

On or about November 2, 2007, YSN Imports and Guerrilla Air entered into an Asset Purchase Agreement in which Guerrilla Air sold, transferred, conveyed, and otherwise assigned to YSN Imports substantially all of Guerrilla Air's assets. (*Id.* ¶¶ 9, 10.) Part of the parties' agreement involved Defendants paying Plaintiffs certain profit sharing amounts. (*Id.* ¶ 11.) Plaintiffs believe that Defendants have deducted unrelated and improper expenses to reduce the amount of profit sharing payments and question the viability of Defendants' "Paint Ball Overhead Expenses" documentation. (*Id.* ¶¶ 14, 15.) As such, Plaintiff brought the present lawsuit for an accounting, breach of contract, fraud, conversion, and breach of fiduciary duty. Although there is no forum selection clause in the Asset Purchase Agreement, the choice of law provision indicates that California law governs the parties' lawsuit. (R. 1, Ex. A, Asset Purchase Agreement.)

## ANALYSIS

### I. Motion to Dismiss Pursuant to Rule 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a complaint based on improper venue. "In ruling on a motion to dismiss for improper venue, the Court follows the same standard as for a Rule 12(b)(2) dismissal," namely, the "Court may examine facts outside the complaint, takes all the allegations in the complaint as true, and draws all reasonable inferences in favor of plaintiff." *Wendt v. Handler, Thayer & Duggan, LLC,* 613 F.Supp.2d 1021, 1027 (N.D. Ill. 2009). The plaintiff has the burden of establishing that the venue he has chosen is proper. *See id.*; *Electroplated Metal Solutions, Inc. v. American Servs., Inc.,* 500 F.Supp.2d 974, 976 (N.D. Ill. 2007).

Where the Court's jurisdiction is founded solely on diversity of citizenship, venue is properly established in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Here, Plaintiffs argue that a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Illinois pursuant to Section 1391(a)(2). Although Plaintiffs failed to allege specific facts that Defendants' misconduct took place in the Northern District of Illinois, Plaintiffs have filed declarations in response to the present motion in which they aver that Defendants Newman and Schochet visited Plaintiffs in Illinois on several occasions and corresponded with them in Illinois regarding the alleged misconduct. (R. 26, Mary Colby Decl. ¶¶ 6, 7; Teramani Decl. ¶¶ 6, 7; Dan Colby Decl. ¶¶ 6, 7.) Also, Plaintiffs aver that Defendants kept a number of relevant books and records in Elk Grove Village, Illinois prior to the filing of the present lawsuit

when Defendants moved the books and records to California. (M. Colby Decl. ¶¶ 8, 9; Teramani Decl. ¶¶ 8, 9; D. Colby Decl. ¶¶ 8, 9.) Thus, viewing the facts and inferences in Plaintiffs' favor, they have met their burden of establishing that venue is proper in the Northern District of Illinois. *See Wendt,* 613 F.Supp.2d at 1027. Because Plaintiffs have established that venue is proper in the Northern District of Illinois, the Court turns to Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## II.  Motion to Transfer Venue[2]

"In 1948, Congress enacted the federal change of venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.,* 626 F.3d 973, 977 (7th Cir. 2010). More specifically, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under Section 1404(a), the moving party bears the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also Research Automation,* 626 F.3d at 977 (Section 1404(a) gives district courts discretion to adjudicate motions to transfer on a case-by-case consideration of convenience and fairness).

Because venue is proper in both the Northern District of Illinois and the Central District of California and the parties do not dispute that jurisdiction is proper in the Central District of California, the Court turns to whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. In making this determination, the Court looks to both the private and public interests. *See Research Automation,* 626 F.3d at 978; *Nalco Co v. Environmental Mgmt., Inc.,* 694 F.Supp.2d 994, 998 (N.D. Ill. 2010). Private interests include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *See Research Automation,* 626 F.3d at 978; *Nalco,* 694 F.Supp.2d at 998. Factors traditionally considered in the public interest analysis, also known as the "interest of justice" factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law. *See Research Automation,* 626 F.3d at 978; *Coffey,* 796 F.2d at 221. District courts may make any necessary factual findings when determining venue issues. *See In re LimitNone, LLC,* 551 F.3d 572, 577 (7th Cir. 2008).

### A.  Private Interests – Convenience of the Parties and Witnesses

#### 1.  Plaintiff's Choice of Forum and Location of Material Events

A plaintiff's choice of forum is entitled to deference, but that deference is lessened if the forum does not have a significant relationship to the material events leading to the litigation. *See Research Automation,* 626 F.3d at 979. Because Plaintiffs brought this action in the Northern District of Illinois and Plaintiffs aver that some of the material events leading up to the litigation occurred in this District, this factor weighs against transfer.

---

[2] Because the Federal Rules of Civil Procedure, not state procedural rules, govern cases brought pursuant to the federal courts' diversity jurisdiction, Plaintiffs' arguments based on Illinois law are misplaced. *See Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 838 (7th Cir. 2010).

### 2. Relative Ease of Access to Sources of Proof

Because the parties agree that the relevant documents are now in the Central District of California, this factor weighs in favor of transfer.

### 3. Convenience to Witnesses

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation,* 626 F.3d at 978. "To determine the convenience to the witnesses, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Id*. In addition, the convenience of non-party witnesses is more significant than party witnesses because party witnesses normally appear voluntarily. *See Nalco Co.,* 694 F.Supp.2d at 999; *Amorose v. C.H. Robinson Worldwide, Inc.,* 521 F.Supp.2d 731, 736 (N.D. Ill. 2007).

In support of its motion to transfer, Defendants maintain that their outside accountants are non-party witnesses, although it is hard to imagine that Defendants do not have control over their own outside accountants. *See First Nat'l Bank v. El Camino Resources, Ltd.,* 447 F.Supp.2d 902, 913 (N.D. Ill. 2006) (convenience of witnesses within control of party not as important as unwilling witnesses). Meanwhile, the parties do not provide any further information about non-party witnesses, and thus this factor is equipoise.

### 4. Convenience of Parties

Assessing the convenience of the parties requires consideration of the parties' residences and abilities to bear the expense of litigating in a particular forum. *See Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F.Supp.2d 821, 834 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Sys.,* 887 F.Supp. 185, 188 (N.D. Ill. 1995). Here, neither party has established that the other forum would pose an overwhelming hardship to the parties themselves, therefore, this factor is neutral. *See Research Automation,* 626 F.3d at 978.

## B. Public Interests – Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation,* 626 F.3d at 978. This element "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey,* 796 F.2d at 220-21 (internal citations omitted); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation,* 626 F.3d at 978 (internal citations omitted).

### 1. Congestion of Court Dockets and Likelihood of Speedy Trial

"Two statistics bear significant relevance when analyzing the likelihood of a speedy trial." *Schwarz v. National Van Lines, Inc.,* 317 F.Supp.2d 829, 837 (N.D. Ill. 2004). "The first is the median number of months from filing to disposition, and the second is the median number of months from filing to trial." *Id.* According to Federal Court Management Statistics for the twelve month period ending on December 31, 2010, the median number of months from filing to disposition in the Northern District of Illinois was 6.2 months and the median number from filing to trial in the Northern District of Illinois was 26.1 months. In the Central District of California, the median number of months from filing to disposition was 5.8 months and the median number of

months from filing to trial was 19.2 months. Because the Central District of California's docket is less congested, this factor weighs in favor of transferring this lawsuit.

### 2. Familiarity with Applicable Law

Pursuant to the Asset Purchase Agreement, the choice of law provision indicates that California law governs the parties' lawsuit, and as the Seventh Circuit explains, in "a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey,* 796 F.2d at 221. Indeed, "it is well-recognized that a diversity case should be decided by the court most familiar with the applicable state law." *Karrels v. Adolph Coors Co.,* 699 F.Supp. 172, 177 (N.D. Ill. 1988). Therefore, this factor weighs in favor of transferring this matter to the Central District of California because a federal court sitting in California is likely to be much more familiar with the controlling law than a federal judge in Illinois. *See Van Dusen v. Barrack,* 376 U.S. 612, 645, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *see, e.g., O'Donovan v. Western Health Care Corp.,* No. 10 C 5186, 2011 WL 856837, at *4 (N.D. Ill. Mar. 4, 2011).

### 3. Relationship to the Community

As Plaintiffs admit, former Plaintiff Guerrilla Air – that was located in the Northern District of Illinois – is no longer a viable corporation. Thus, this dispute has less of a relationship to the Northern District of Illinois than it does to the Central District of California where YSN Imports is located. Therefore, this factor weighs in favor of transferring this lawsuit. *See Research Automation,* 626 F.3d at 978.

### C. Balancing the Factors

The private interests, namely, the convenience of the parties and witnesses, are relatively equal because two of the factors are neutral, the Plaintiffs' choice of forum weighs against transfer, and the ease of access to proof weighs in favor of transfer. The interests of justice factors, however, overwhelming weigh in favor of transferring this matter to the Central District of California. As discussed, the Central District of California is less congested than the Northern District of Illinois and there is an increased likelihood of a speedy trial in the Central District of California. Also, California law governs this lawsuit and this dispute relates more to the Central District of California than to the Northern District of Illinois. Therefore, although the convenience of the parties and witnesses factors are relatively neutral, the interest of justice factors are determinative. *See Research Automation,* 626 F.3d at 978 ("The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result"); *see, e.g., Sutherland v. Cybergenics Corp.,* 907 F.Supp. 1218, 1223 (N.D. Ill. 1995). The Court therefore grants Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).[3]

---

[3] On a final note, the Court reminds Defendants that arguments made for the first time in a reply brief are waived. *See Hernandez v. Cook County Sheriff's Office,* 634 F.3d 906, 913 (7th Cir. 2011) ("The underlying concern is to ensure that the opposing party is not prejudiced by being denied sufficient notice to respond to an argument.").